FILED ___ ENTERED
___ LOGGED ___ RECEIVED

JUL 6 2011

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
DEPUTY

## EXHIBIT A: STIPULATED FACTS – MICHAEL ALPER

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

### The Defendant's Prior Conviction for Statutory Rape

In October 2003, **MICHAEL ALLEN ALPER** was 27 years of age and living in Virginia. **ALPER** actively used a computer to play games on the Internet, including role-playing games, through which he engaged minor females in instant messages and other means of communication. Through one such internet game, **ALPER** met L.S., a 13 year old girl living in Great Falls, Virginia. During internet chats, L.S. initially told **ALPER** she was 16 years old but later told **ALPER** she was 13. **ALPER** told L.S. that he was 21 years old. **ALPER** continued to chat with the minor victim and later asked her to "hang out." **ALPER** met up with L.S. at her parents' house, specifically by having L.S. sneak out in the late evening hours while **ALPER** waited in his car at the end of L.S.'s street to pick her up. When **ALPER** picked up L.S., he discussed various things including when L.S. would turn 18. **ALPER** drove to an abandoned street, parked the car, and encouraged the victim to get in the back seat. **ALPER** then removed L.S.'s clothing, and attempted vaginal intercourse with the victim. L.S., a virgin, was frightened and did not physically resist, but rather simply said "Ouch." **ALPER** did not stop but inserted his penis inside L.S.'s vagina, whereupon he engaged in intercourse to the point of ejaculation. During the course of the assault, **ALPER** scratched the L.S.'s back and bit her above her breast. L.S. later reported the incident to her school guidance counselor. Under the direction and surveillance of the Fairfax County Police, L.S. called **ALPER**, who asked the victim if she had fun, told L.S. he used a condom, and asked L.S. if he left a mark on her. **ALPER** then talked about hanging out with L.S. again. **ALPER** was later charged in Fairfax County and convicted of statutory rape and sentenced to three years incarceration, with all but six months supended, and three supervised probation. During questioning, **ALPER** claimed that he believed the victim was 19 years old.

Also in the fall of 2003, **ALPER** met M.M., a 14 year old girl living in Reston, Virginia, on another website. In this instance, after M.M. stated she was 16 years old, **ALPER** told M.M. he was 17 years old. **ALPER** communicated with M.M. through instant messaging via the Internet after M.M. told **ALPER** that her parents did not allow her to speak on the phone with boys. As with L.S., **ALPER** asked M.M. to meet in person and again met up with her by waiting at the end of the street in her neighborhood. When M.M. arrived at the car, **ALPER** took her into nearby woods. While chatting, **ALPER** told M.M. that she was too pretty to be a virgin. **ALPER** then fondled M.M.'s vagina and caused M.M. to fondle his penis. **ALPER** removed M.M.'s clothing, told her he was wearing a condom, and then inserted his penis into M.M.'s vagina. M.M. told **ALPER** that it hurt but **ALPER** continued to insert his penis into M.M.'s vagina and asked her to be quiet. M.M. tried to pull herself up, but **ALPER** pushed M.M.'s head onto his penis. **ALPER** grabbed M.M. by the back of the head while M.M. pushed her hands against the ground trying to get up. **ALPER** ultimately ejaculated into M.M.'s mouth. **ALPER** then walked the victim back where he was parked and told her that he wanted to see her again. The victim returned home, where she threw up.

ALPER continued to chat with the M.M. via instant messaging. ALPER later visited M.M. again, whereupon M.M. was wearing her school uniform with her school logo. ALPER again took M.M. into the woods, where he tried to guide her head towards his penis but M.M. refused. ALPER then instructed M.M. to get on her hands and knees and had vaginal sex with M.M. As ALPER dropped M.M. off, ALPER mentioned the M.M.'s uniform and asked her if that is where she went to school. That night, during an instant message, M.M. told ALPER she was 14 years old and not 16 as she originally stated. About a month later, over instant messaging via the Internet, ALPER asked M.M. to meet again and to wear a skirt. ALPER met with the victim a third time, but left suddenly without incident.

### The Defendant's Use of the Internet to Arrange the Statutory Rape of a 13-Year Old Girl

In February 2010, a month after ALPER's probation ended from the 2003 conviction, ALPER attended an anime and gaming conference at the Gaylord Hotel in Oxon Hill, Maryland. ALPER was now 33 years old and living in Silver Spring, Maryland. While at the conference, ALPER began speaking with L.M., a 13 year old girl from Alexandria, Virginia, and exchanged contact information. ALPER introduced himself to L.M. as "Michael Allen," and continued to communicate with L.M. through a Facebook account with the same name. Facebook is an on-line social networking web site accessed through the internet, which affects interstate and foreign commerce. During Facebook chats, L.M. told ALPER that she was 13 years old. In response, ALPER told L.M. that he was 16 years old. service and L.M. continued messaging each other via the Internet from February 2010 through April 2010.

On March 26, 2010, via chat, service encouraged L.M. to tell her mother a story about seeing a friend so she could leave her home in Virginia and come to ALPER's home in Maryland. ALPER also asked L.M. via Facebook, if she minded that ALPER bites. ALPER made arrangements via internet and cell phone for L.M. to travel from her home in Virginia to the Fort Totton Metro station in Washington, D.C., where ALPER picked her up and drove to his home in Maryland. Upon arriving there, ALPER told L.M. that his father was asleep in another room and to be quiet. ~~In fact, there was no one else in the house.~~ ALPER then fondled L.M. and digitally penetrated L.M.'s vagina. ALPER attempted to move his head between L.M.'s legs but she pressed her legs together and pushed ALPER away. ALPER told L.M. not to be scared. L.M. then received a telephone call from her mother and ALPER drove her back to her home in Virginia.

ALPER and L.M. continued to communicate via Facebook on the Internet. On March 31, 2010, L.M. was staying overnight at her friend's house in Maryland. While at her friend's house ALPER communicated with L.M. via Facebook and agreed L.M. should sneak out of her friend's house to meet ALPER outside at a store near her friend's home. In the late evening hours of March 31, 2010 into the early morning hours of April 1, 2010, ALPER drove to pick up L.M. from a pharmacy parking lot in Maryland. ALPER then took L.M. to Greenbelt Park, a United States National Park in Greenbelt, Maryland. ALPER drove to a wooded area and parked his car. ALPER led L.M. into the wooded area, where ALPER laid down his coat. ALPER told L.M. to lie on the

ground and took her clothes off. **ALPER** performed oral sex on L.M. and had vaginal intercourse with her. **ALPER** then drove L.M. back to her friend's home. L.M. later discovered **ALPER**'s true identity when an acquaintance found **ALPER**'s Sex Offender Registration under his true name.

After **ALPER**'s identity as a sex offender was discovered, **ALPER** created another on-line profile in the fictitious name of "Veronica Lacy" and contacted L.M. As Veronica Lacy, **ALPER** expressed concern that the police may be contacted, lied about the charges that led to the sex offender conviction, and said that **ALPER** could not afford to get into trouble because of his father's cancer. **ALPER** also contacted L.M.'s mother, again claimed that he did not know how old L.M. was, and again lied about the underlying sex offender conviction.

In this way, **ALPER** used a facility of interstate commerce, namely a cell phone and Facebook, through the internet on the computer, to knowingly persuade, induce, entice and coerce L.M., who had not attained the age of 18 years, to engage in sexual activity for which he could have been charged with second degree rape under Maryland law, as the Defendant knowingly engaged in vaginal intercourse with L.M., who had not attained the age of 14 years, while the Defendant was at least four years older than L.M.

I have read this Statement of Facts and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. I do not wish to change any part of it.

6-15-2011
Date

Michael Allen Alper

I am Michael Allen Alper's attorney. I have carefully reviewed every part of this Statement of Facts with him. To my knowledge, his decision to sign it is a voluntary one.

June 15, 2011
Date

Julie Johnson, Esq.